**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodell Martinelli; Stephanie Booth; Melia Perry; Abbigail King; Nicole Kersanty; and Ruth Ross, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Petland, Inc.; and The Hunte Corporation,<br><br>Defendants. | No. CV-09-529-PHX-DGC<br><br>**ORDER** |

Petland, Inc. is a large national retailer of pets. Petland and its franchisees sell puppies at more than 100 stores throughout the United States. The Hunte Corporation supplies many of the puppies sold at Petland stores.

Plaintiffs are residents of various states who bought a Petland puppy. Plaintiffs filed a class action complaint against Petland and Hunte on March 16, 2009. Dkt. #1. Plaintiffs claim that they bought Petland puppies with the understanding that they were "bred under safe and humane conditions by a reputable breeder with proper canine husbandry practices," but the puppies actually were bred at a "puppy mill." *Id.* ¶¶ 8-13. A puppy mill, according to Plaintiffs, is "a dog breeding operation in which the health of the dogs is disregarded in order to maintain a low overhead and maximize profits." *Id.* ¶¶ 2, 18. Plaintiffs allege that their puppies were sick at the time of purchase or became ill shortly thereafter. *Id.* ¶¶ 8-13.

Plaintiffs assert that Petland has orchestrated a scheme to defraud consumers by manufacturing a fictitious market for puppy mill puppies. Petland executes this scheme, Plaintiffs claim, by requiring its stores to "sell puppies to unsuspecting consumers while misrepresenting them as 'the finest available' puppies from 'professional and hobby breeders who have years of experience in raising quality family pets,' which are 'USDA approved.'" *Id.* ¶¶ 3, 81. Petland also assures consumers that Petland "knows its breeders and deals only with those who have 'the highest standards of pet care[.]'" *Id.* ¶ 55. The limited warranty Petland provides consumers allegedly perpetuates the scheme by "facilitating the fiction that a consumer's new puppy is not a sickly and/or dying puppy mill puppy." *Id.* ¶ 49. The results of an eighth-month investigation by the Humane Society of the United States purportedly "confirm Petland's practice of misrepresenting and concealing the origin of puppy mill puppies." *Id.* ¶ 53.

The complaint asserts a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), which is predicated on alleged violations of the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343. *Id.* ¶¶ 67-88 (count one). The complaint also asserts a RICO conspiracy claim under 18 U.S.C. § 1962(d) (count two), violations of multi-state consumer protection laws (count three), a claim for unjust enrichment (count four), and a violation of the Ohio Consumer Sales Practices Act (count five). *Id.* ¶¶ 89-121. Plaintiffs purport to bring these claims on behalf of all persons who purchased a puppy from a Petland store since November 20, 2004. *Id.* ¶ 57.

Hunte and Petland have filed motions to dismiss the complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. ##33, 34. The motions have been fully briefed. Dkt. ##44, 45, 47, 48. For reasons that follow, the Court will grant the motions and dismiss the complaint without prejudice.[1]

---

[1] The requests for oral argument are denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b).

I.     **Petland's Motion.**

Petland argues that the RICO claims and the claims asserted under state consumer protection laws fail because (i) the alleged misrepresentations are mere puffery, rather than actionable statements of material fact, (ii) the allegations of non-disclosure – "concealment" and "omissions" on the part of Petland – fail to state a claim for relief, and (iii) the allegations of fraud have not been pled with particularity. Dkt. #34 at 4-11. Petland further argues that the complaint does not allege a legally cognizable injury or proximate causation (*id.* at 11-17) and the unjust enrichment claim fails as a matter of law (*id.* at 18).

  **A.     The RICO Claims.**

    **1.     Allegations of non-disclosure.**

Petland argues that to the extent the RICO claims are based on an alleged failure to disclose the origin of its puppies, the claims fail as a matter of law because "'absent an independent duty, such as a fiduciary duty or an explicit statutory duty, failure to disclose cannot be the basis of a fraudulent scheme' under the federal mail and wire fraud statutes." Dkt. #34 at 9 (quoting *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987)). This argument is specious, Plaintiffs assert, because the RICO claims are based on the affirmative misrepresentations pled in the complaint, not a failure to speak on the part of Petland. Dkt. #44 at 14-15. Petland correctly notes that the complaint is not only replete with allegations of concealment and omissions on the part of Petland, but explicitly alleges that Petland has a "practice of misrepresenting *and concealing* the origin of puppy mill puppies." Dkt. #1 ¶ 53 (emphasis added); *see id.* ¶¶ 42, 60(a), 83, 98, 120. Plaintiffs do not assert that Petland has an independent duty to disclose to consumers the origin of Petland puppies. The Court will therefore grant Petland's motion to the extent the RICO claims are based on allegations of non-disclosure. *See Cal. Architectural Bldg. Prods.*, 818 F.2d at 1472; *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1314 (11th Cir. 2000) (dismissing RICO claims predicated on mail and wire fraud where the defendant had no duty to disclose its pricing scheme to consumers).

## 2. Allegations of fraudulent misrepresentations.

The RICO statute makes it unlawful for any person associated with an enterprise to participate in the conduct of such enterprise's affairs "through a pattern of racketeering[.]" 18 U.S.C. § 1962(c). The alleged pattern of racketeering in this case is mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. Dkt. #1 ¶ 79. To plead a violation of those statutes, Plaintiffs must allege that Petland formed a scheme to defraud, that Petland used the United States mails and wires in furtherance of that scheme, and that Petland did so with the specific intent to defraud. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986).

Petland argues that the RICO claims must be dismissed because the complaint does not satisfy Rule 9(b)'s requirement that the "scheme to defraud" be pled with particularity. Dkt. #34 at 10-11. The Court agrees.

Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud[.]" *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). This requirement means that all "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). "The Ninth Circuit has repeatedly insisted that this rule be followed in RICO actions alleging the predicate act of mail fraud." *Lancaster*, 940 F.2d at 405 (citing *Schreiber*, 806 F.2d at 1401; *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Petland's alleged fraudulent scheme consists of misrepresentations about the origin of Petland puppies. Dkt. #1 ¶¶ 3, 81. Plaintiffs sufficiently allege the contents of those statements; that is, that Petland puppies are "the finest available," that they are bred by "professional and hobby breeders who have years of experience in raising quality family pets," and that these breeders are "USDA approved" and have "the highest standards of pet care." *Id.* ¶¶ 3, 30, 37, 55, 81. Nowhere in the complaint, however, do Plaintiffs identify *with particularity* the manner in which these statements were made. To the extent they were made through the use of the mails and wires, the complaint is deficient. Plaintiffs allege that

the acts of mail and wire fraud involve "thousands of communications" made "throughout the class period," including marketing materials, advertising, and financial statements (*id.* ¶ 83), but no specific mailings or transmissions are mentioned. Nor do Plaintiffs provide specific facts relating to Petland's limited warranty, alleging only generally that "Petland provides purchasers of its puppy mill puppies a limited warranty." *Id.* ¶ 49.

Plaintiffs themselves admit that they have alleged the incidents of fraud only "generally," claiming that access to Petland's books and records is needed to provide the requisite specificity. *Id.* ¶ 83. Plaintiffs cite *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001), for the proposition that the requirements of Rule 9(b) may be relaxed to permit discovery where the evidence of fraud is within a defendant's exclusive possession. Dkt. #44 at 12. But given the eight-month investigation by the Humane Society, which purportedly confirms Petland's practice of misrepresenting the origin of puppy mill puppies (Dkt. #1 ¶ 53), Plaintiffs "cannot fairly allege that [Petland] has sole possession of the facts evidencing [mail and wire fraud] violation[s]." *SmithKline Beecham*, 245 F.3d at 1052.

Moreover, "Rule 9(b) is intended to prevent the filing of a complaint as a pretext for discovery[.]" *Carpa v. Smith*, No. CIV 96-1453 PHX EHC, 1998 WL 723153, at *4 (D. Ariz. July 20, 1998). The Supreme Court has recently made clear that even under the more liberal pleading requirements of Rule 8(a), general allegations of misconduct do not "unlock the doors of discovery[.]" *Ashcroft v. Iqbal* --- U.S ---, 129 S. Ct. 1937, 1950 (2009). "To allow Plaintiff[s] to conduct discovery as requested would subvert the purpose of the pleading requirements." *Carpa*, 1998 WL 723153, at *4.

Plaintiffs' reliance on *Odom v. Microsoft Corporation*, 486 F.3d 541 (9th Cir. 2007), is misplaced. The plaintiffs in that case specifically identified the circumstances of the alleged wire fraud and the dates on which it occurred. The only deficiency in the allegations was the names of the sales clerks who facilitated the challenged transactions. *See id.* at 554. Plaintiffs describe Petland's alleged mail and wire fraud as follows: "During the class period, Defendants' illegal conduct and wrongful practices were carried out by an array of

agents and/or employees, working across state boundaries, who necessarily relied upon frequent transfers of documents, information and funds by the U.S. mails and interstate wire facilities." Dkt. #1 ¶ 82. This fraud is not nearly as specific as that alleged in *Odom*.

Plaintiffs assert that mail and wire fraud do not require a misrepresentation and that the essential element of those offenses – a "scheme to defraud" – has been pled with particularity. Dkt. #44 at 12; *see* Dkt. #45 at 10. The problem with this argument is that the "scheme to defraud" described in the complaint consists of the alleged misrepresentations about the origin of Petland puppies. Dkt. #1 ¶¶ 3, 81; *see id* ¶¶ 30, 37, 52; Dkt. #44 at 14-15. The factual circumstances of those statements, whether communicated through the mails or otherwise, must be alleged with particularity. *See Odom*, 486 F.3d at 554.

In summary, Plaintiffs' allegations of fraud are simply "too generalized to satisfy the dictates of Rule 9(b)." *Lancaster*, 940 F.2d at 405. The Court will grant Petland's motion to dismiss the RICO claims for failure to plead fraud with particularity. *See Schreiber*, 806 F.2d at 1401; *Moore*, 885 F.2d at 541; *see also Howard v. AOL Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (failure to allege substantive RICO violation precludes RICO conspiracy claim); *Pasamba v. HCCA, Int'l, Inc.*, No. CV-08-0247-PHX-NVW, 2008 WL 2562928, at *7 (D. Ariz. June 24, 2008) (same).

### 3. Proximate cause.

Plaintiffs' alleged damages are the price they paid for a Petland puppy and non-reimbursed veterinary expenses. Dkt. #1 ¶¶ 87, 99; *see* Dkt. #44 at 16. Petland argues that the complaint alleges no facts showing that those damages were caused by Petland's "scheme to defraud." Dkt. #34 at 14-17. Specifically, Petland contends that the absence of any allegation of reliance on the purported misrepresentations precludes a finding of proximate cause and mandates dismissal of the RICO claims. *Id.* at 15.

The complaint alleges that Plaintiffs purchased a Petland puppy "with the understanding that he was bred under safe and humane conditions by a reputable breeder with proper canine husbandry practices." Dkt. #1 ¶¶ 8-13. The basis for this belief is not provided, and the complaint does not otherwise allege that Plaintiffs relied on

1 misrepresentations about the origin of Petland puppies when they made their purchase. 2 Plaintiffs cite *Bridge v. Phoenix Bond & Indemnity Co.*, 128 S. Ct. 2131, 2142 (2008), for 3 the proposition that reliance is not an element of a civil RICO claim based on mail fraud. 4 Dkt. #44 at 15. *Bridge* made clear, however, that while reliance is not an element of the 5 cause of action, "the complete absence of reliance may prevent the plaintiff from establishing 6 proximate cause." 128 S. Ct. at 2144.

7 Having made clear that they are not seeking damages on a "fraud on the market" 8 theory (Dkt. #44 at 17), Plaintiffs must allege facts showing that Petland's statements about 9 the origin of its puppies were a direct cause of Plaintiffs' injuries. *See Greenstein v. Peters*, 10 No. CV 08-6104 PSG, 2009 WL 722067, at *3 (C.D. Cal. Mar. 16, 2009). Although reliance 11 is not the only way a plaintiff can establish causation in a civil RICO claim predicated on 12 mail or wire fraud, the Court concludes that this is a case where proof of reliance is "'a mile 13 post on the road to causation.'" *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir. 14 2004) (citation omitted); *see Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 490 15 (C.D. Cal. 2006). The closest the complaint comes to alleging reliance is the allegation that 16 Plaintiffs unwittingly purchased puppy mill dogs "[a]s a direct result of Defendants' 17 fraudulent scheme[.]" Dkt. #1 ¶¶ 87, 99. "This is not enough. Plaintiffs' mere recitations 18 of the causation element of the RICO claim[s] do not provide sufficient grounds for 19 entitlement to relief." *In re Actimmune Mktg. Litig.*, 614 F. Supp. 2d 1037, 1051 (N.D. Cal. 20 2009) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)); *see Abalos v.* 21 *Bronchick*, No. C07-844RSL, 2008 WL 1929893, at *3 (W.D. Wash. Apr. 28, 2008); *see* 22 *also Iqbal*, 129 S. Ct. at 1954 ("[T]he Federal Rules do not require courts to credit a 23 complaint's conclusory statements without reference to its factual content.").

24 Citing *Newcal Industries, Inc. v. IKON Office Solution*, 513 F.3d 1038, 1055 (9th Cir. 25 2008), Plaintiffs contend that proximate cause exists because Plaintiffs were "the targets of 26 Petland's scheme to defraud and the most direct victim of that scheme having purchased 27 these puppies directly from Petland." Dkt. #44 at 16. Absent some allegation of reliance, 28 however, Plaintiffs have not shown that they are *direct* victims of fraud.

1  "It is well settled that, to maintain a civil RICO claim predicated on mail fraud, a plaintiff must show that the defendants' alleged misconduct proximately caused the injury." *Poulos*, 379 F.3d at 664 (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)). "Proximate causation requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 981 (9th Cir. 2008) (quoting *Holmes*, 503 U.S. at 268); *see Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). In this case, the complaint does not allege facts showing a "direct and proximate causal relationship" between Plaintiffs' injuries and Petland's purported fraudulent scheme. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774 (9th Cir. 2002). The Court will grant Petland's motion to dismiss the RICO claims for failure to plead causation. *See Actimmune*, 614 F. Supp. 2d at 1053; *Greenstein*, 2009 WL 722067, at *4.

**B.  The State Law Claims.**

Count three of the complaint asserts violations of twenty-one state consumer protection statutes. Dkt. #1 ¶ 104(a)-(u). Count five asserts a claim under the consumer sales practices act of Ohio, Petland's principal place of business. *Id.* ¶ 116-21. Petland asserts, and Plaintiffs do not dispute, that proximate causation is an essential element of claims brought under state consumer protection statutes. Dkt. #34 at 14; *see* Dkt. #44 at 15-17.

Although the proximate cause requirements of RICO are more stringent than those of the laws of most states, *see Actimmune*, 614 F. Supp. 2d at 1053, Plaintiffs' allegations of proximate cause are too general to survive Petland's motion to dismiss. Count three alleges, in conclusory fashion, that "[a]s a result of Defendants' misrepresentations and/or omissions, Plaintiffs and the proposed class members have suffered an ascertainable loss and are entitled to relief[.]" Dkt. #1 ¶ 109. Count five similarly alleges that "[a]s a direct result of the deceptive practices of the Defendants, Plaintiffs and the members of the Class suffered damages[.]" *Id.* ¶ 121. Plaintiffs' obligation under Rule 8(a) to allege facts *showing* an entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 127 S. Ct. at 1965; *see Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."). Moreover, to the extent the state law claims are based on allegations of fraud, they "fail to meet the specificity required by Rule 9(b)." *Actimmune*, 614 F. Supp. 2d at 1055. The Court will grant Petland's motion with respect to the claims brought under state consumer protection statutes.

### C. The Unjust Enrichment Claim.

The unjust enrichment claim alleges that "Defendants have profited and benefitted from their *scheme to defraud* purchasers of puppies from Petland." Dkt. #1 ¶ 113 (emphasis added). Because this claim is predicated on fraud, and Plaintiffs have not plead fraud with particularity, the claim must be dismissed. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008) ("[S]ince plaintiff's fraud-based claims have been dismissed, plaintiff has no basis for its unjust enrichment claim."); *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E. 2d 920, 928 (Ill. Ct. App. 2009) ("Because there was no valid underlying fraud claim, the trial court properly dismissed plaintiff's unjust enrichment claim.").

### D. Summary.

The RICO claims must be dismissed to the extent they are based on allegations of non-disclosure on the part of Petland because Petland owed no duty of disclosure to Plaintiffs. The RICO claims and the state law consumer protection act claims must be dismissed for failure to plead fraud with particularity and failure to plead causation adequately. The unjust enrichment claim fails because it is predicated on the dismissed fraud-related claims. Given these rulings, the Court need not address Petland's arguments that the alleged misrepresentations are mere puffery and that the complaint does not state a legally cognizable injury.

## II. Hunte's Motion.

Hunte makes many of the same arguments advanced by Petland: that the complaint fails to plead fraud with particularity, that it fails to allege facts showing proximate causation, and that the unjust enrichment claim fails as a matter of law. Dkt. #33. For reasons explained above, the Court will grant Hunte's motion with respect to these issues.

Hunte also argues that the RICO conspiracy claim under 18 U.S.C. 1962(d) fails

because the complaint does not adequately allege an agreement between Hunte and Petland. Dkt. #33 at 12. An agreement to violate RICO is an essential element of a RICO conspiracy claim. *See Oki Semiconductor*, 298 F.3d at 774. Plaintiffs allege in the complaint that Hunte's agreement to participate in a RICO enterprise with Petland "can be inferred from its distribution of puppies bred under inhumane and unsafe conditions and its willingness to allow false representations about the value of the dogs it provided to Petland and the conditions under which they were raised." Dkt. #1 ¶ 94. Plaintiffs contend that this allegation is sufficient because the agreement "'need not be express as long as its existence can be inferred from the words, actions, or interdependence of activities and persons involved.'" Dkt. #45 at 14-15 (quoting *Oki Semiconductor*, 298 F.3d at 775).

The complaint's allegations do not permit the Court to infer more than the mere possibility of a conspiratorial agreement between Hunte and Petland. The complaint has therefore "alleged – but it has not 'shown' – 'that [Plaintiffs are] entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Such a complaint must be dismissed. *Id.*

Hunte contends that Plaintiffs lack standing to assert claims against Hunte. Dkt. #33 at 13-15. Plaintiffs admit that the Petland puppies they purchased were supplied by breeders or distributors other than Hunte. *See* Dkt. #1 ¶¶ 8-13; Dkt. #45 at 17. Plaintiffs argue that they nonetheless have standing because the complaint adequately asserts RICO claims and Hunte's role as a co-conspirator. Dkt. #45 at 17. Because the RICO claims will be dismissed, this argument fails. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 294 (9th Cir. 1990) (a RICO plaintiff "'only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation'") (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Plaintiffs have not otherwise shown that they have suffered an injury at the hands of Hunte. The Court will therefore grant Hunte's motion with respect to its standing argument.

### III. Plaintiffs' Request for Leave to Amend.

Plaintiffs seek leave to amend the complaint to cure any deficiencies found by the

Court. Dkt. ##44 at 12, 45 at 17. Because a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a), *see Schreiber*, 806 F.2d at 1401, Plaintiffs may file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(A). The Court will dismiss the instant complaint without prejudice because Plaintiffs can possibly cure its deficiencies. *See Schreiber*, 806 F.2d at 1401; *Laron, Inc. v. Constr. Res. Servs., LLC*, No. CV-07-0151-PCT-NVW, 2007 WL 1958732, at *6 (D. Ariz. July 2, 2007).

**IT IS ORDERED:**

1. The motions to dismiss filed Defendants Hunte Corporation and Petland, Inc. (Dkt. ##33, 34) are **granted**.
2. The complaint (Dkt. #1) is **dismissed** without prejudice.
3. Plaintiffs shall have until **August 29, 2009** to file an amended complaint.

DATED this 7th day of August, 2009.

/s/ David G. Campbell
David G. Campbell
United States District Judge