**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JoDell Martinelli, et al., | No. CV-09-529-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Petland, Inc.; and The Hunte Corporation, | |
| Defendants. | |

On January 26, 2010, the Court issued an order dismissing all claims asserted against Hunte and all claims asserted against Petland other than those brought by Plaintiffs Elliot Moskow and Karen Galatis. Dkt. #68. Plaintiffs other than Moskow and Galatis have filed a motion for entry of judgment under Rule 54(b) of the Federal Rules of Civil Procedure or, in the alternative, for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. #75. Petland opposes the motion, and requests in the alternative that the case be stayed if the Court decides to grant the motion and permit an appeal. Dkt. #77. For reasons that follow, the Court will deny the motion.[1]

**I.     Rule 54(b).**

Rule 54(b) provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the district court may direct the entry of a

---

[1] Petland's request for oral argument is denied because the parties have fully briefed the issues (Dkt. ##68, 77, 81), and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

final judgment as to one or more but fewer than all of the claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "'A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result[.]'" *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (citation omitted). "'Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Id.*

The Court concludes that this is not an unusual case in which the entry of a separate final judgment is necessary. The facts and law of the remaining claims and those that have been dismissed are not unrelated. Any hardship to Plaintiffs caused by the entry of a single final judgment following trial is outweighed by the burden of piecemeal appeals and motions for attorneys' fees.

Rule 54(b) should, in the interest of judicial economy, be used "sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). "The rule was not meant to displace the 'historic federal policy against piecemeal appeals.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). Having considered the parties' arguments and the relevant factors, *see Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005), the Court will exercise its discretion and deny the request for entry of judgment under Rule 54(b). *See id.* at 882-83 (reversing Rule 54(b) certification where it was not supported by a "seriously important reason"); *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995) (warning about the "dangers of profligate Rule 54(b) determinations").

**II.     28 U.S.C. § 1292(b).**

Plaintiffs seek, in the alternative, the right to pursue an interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. #75 at 4-8. A district court, in its discretion, may certify an issue for interlocutory appeal under § 1292(b) only if (1) there is a "controlling question of law," (2) on which there are "substantial grounds for difference of opinion," and (3) "an immediate

appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). "'All three requirements must be met for certification to issue' under that statute." *Best Western Int'l, Inc. v. Govan*, No. CIV 05-3247-PHX-RCB, 2007 WL 1545776, at *3 (D. Ariz. May 29, 2007) (citation and brackets omitted). Plaintiffs contend that they have satisfied each requirement. The Court does not agree.

Plaintiffs state that the controlling question of law to be determined on appeal is "whether reliance is an element that must be proven in a civil RICO claim based on mail fraud." Dkt. #75 at 6. Plaintiffs contend that substantial grounds for difference of opinion exist "as to whether reliance is an element in a civil RICO claim," and a Ninth Circuit ruling on this issue will materially advance the ultimate termination of the litigation. *Id.* at 6. But Plaintiffs themselves recognize that the Supreme Court answered this question in *Bridge v. Phoenix Bond & Indemnity Co.*, 128 S. Ct. 2131 (2008): a plaintiff asserting a RICO claim predicated on mail fraud "need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations." *Id.* at 2145.

Plaintiffs assert that the Court's order of dismissal is inconsistent with the holding in *Bridge*. Dkt. #75 at 6. Plaintiffs have misconstrued the Court's order. The RICO claims were dismissed for failure adequately to plead proximate causation. Dkt. #68 at 3-8, 9. It is well established that "'[c]ausation lies at the heart of a civil RICO claim.'" *Id.* at 8 (quoting *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir. 2004)). *Bridge* made clear that "while reliance is not an element of the cause of action, 'the complete absence of reliance may prevent the plaintiff from establishing proximate causation.'" Dkt. #49 at 7 (quoting *Bridge*, 128 S. Ct. at 2144). Plaintiffs have not shown "substantial grounds for difference of opinion" necessary to an appeal under § 1292(b). *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

Plaintiffs argue for the first time in their reply brief that a substantial question exists as to whether they adequately pled "common sense causation." Dkt. #81 at 5. The Court

- 3 -

made clear in its order of dismissal that common-sense causation is precluded by *Poulos*. Dkt. #68 at 5-6. As *Poulos* explained, courts have found common-sense causation only where the plaintiffs' actions could not be explained in any way other than reliance on the defendants' misrepresentations. 379 F.3d at 667-68 (discussing *Garner v. Healy*, 184 F.R.D. 598 (N.D. Ill. 1999), and *Peterson v. H&R Block Tax Services, Inc.*, 174 F.R.D. 78 (N.D. Ill. 1997)). "In this case, as in *Poulos*, there is no single, common-sense reason for a puppy purchase." Dkt. #68 at 6.

Because § 1292(b) is a departure from the normal rule that only final judgments are appealable, the statute "must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and "applied sparingly and only in exceptional cases," *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Plaintiffs have not shown that this is one of the rare cases appropriate for interlocutory review under § 1292(b).

**IT IS ORDERED** that Plaintiffs' motion for judgment or for certification of interlocutory appeal (Dkt. #75) is **denied**.

DATED this 7th day of April, 2010.

_____
David G. Campbell
United States District Judge